UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beverly U. Bridges, et al., | No. 2:22-cv-01698-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| PacifiCorp & Richard Harris, | |
| Defendants. | |

This case arises from the destruction of properties caused by the McKinney Fire in the summer of 2022. Defendant PacifiCorp removed the case to federal court, asserting diversity jurisdiction and fraudulent joinder. Before the court is plaintiffs' motion to remand. For the reasons below, the court **grants the motion.**

**I.    BACKGROUND**

On July 29, 2022, the McKinney Fire spread through Siskiyou County, damaging plaintiffs' real and personal property. Ex. C, First Am. Compl. (FAC) ¶¶ 16, 22, ECF No. 1-3. On August 16, 2022, plaintiffs filed a complaint against PacifiCorp and Doe defendants. *See* Ex. A, Compl., ECF No. 1-1. Plaintiffs later added Richard Harris as a defendant in their first amended complaint. FAC ¶ 12.

Harris works for PacifiCorp, where he is allegedly responsible for "management of PacifiCorp's safety resources in Siskiyou County, including without limitation PacifiCorp's physical assets and human resources." *Id.* The complaint alleges:

> Harris took a number of acts and/or omissions that were a substantial factor in causing the McKinney Fire, including without limitation the following: (a) eliminating safety-critical positions, including multiple District lineman positions that would have been directly responsible for monitoring the area of PacifiCorp's Siskiyou County territory where the McKinney Fire ignited, and (b) instituting other unreasonable and dangerous measures that created an unsafe environment that allowed the McKinney Fire to ignite and spread.

*Id.* ¶ 24. Plaintiffs assert four general claims against Harris: trespass, nuisance, violation of California Health and Safety Code section 13007 and negligence. *See generally* FAC. In the four claims, plaintiffs allege defendants "acted recklessly and with conscious disregard to human life and safety, and this recklessness and conscious disregard was a substantial factor in bringing about the McKinney Fire." *Id.* ¶¶ 40, 50, 62, 69.

All plaintiffs are citizens of California. Notice of Removal ¶ 9, ECF No. 1. PacifiCorp is a citizen of Oregon, *id.* ¶ 12, and Richard Harris is a citizen of California, Opp'n at 3, ECF No. 11.[1] PacifiCorp removed the case to federal court on the basis of diversity jurisdiction. *See* Notice of Removal. PacifiCorp also alleges plaintiffs fraudulently joined Harris to destroy complete diversity, i.e., he is a "sham defendant." *Id.* ¶¶ 10, 20–33. PacifiCorp argues plaintiffs cannot state a claim against Harris because he was not personally involved in managing PacifiCorp's resources and lacked authority to do what plaintiffs allege. *Id.* ¶¶ 29–33; Declaration of Richard Harris (Harris Decl.) ¶¶ 4–9, ECF No. 1-6. Plaintiffs moved to remand, Mot., ECF No. 8, PacifiCorp opposed, Opp'n, and plaintiffs have not filed a reply. The court decides the matter on the briefs.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

## II. LEGAL STANDARD

Federal courts have original jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. When a federal district court would have had original jurisdiction over an action originally filed in state court, the action may be removed to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing*, *LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Removal is proper only when (1) the case presents a federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Diversity jurisdiction requires complete diversity, meaning each plaintiff has a different citizenship from each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation and marks omitted). The court may find fraudulent joinder only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). However, "if there is a *possibility*" a plaintiff can establish a claim against the non-diverse defendant, the federal court must remand the case. *Grancare, LLC*, 889 F.3d at 548 (emphasis in original) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). The "plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Nasrawi*, 713 F. Supp. 2d at 1084 (citation and marks omitted).

"Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation and marks omitted). There is a "general presumption against fraudulent joinder," and the removing defendant bears a heavy burden of proving fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### III.  ANALYSIS

The parties agree the amount in controversy requirement is met, so the only question is whether PacifiCorp has shown Harris was fraudulently joined.

The court finds PacifiCorp has not met its heavy burden of showing plaintiffs have no possible claims against Harris under California law for negligence, nuisance, trespass or violation of California Health and Safety Code section 13007. In arguing that Harris was "fraudulently joined for the sole purpose of defeating diversity jurisdiction," Opp'n at 11, PacifiCorp construes plaintiffs' complaint as bringing claims against Harris for his role as a manager; it argues Harris cannot be liable under well-settled California law because he neither personally participated in any tortious conduct, nor did he have the authority to do so, *id.* at 5–11 (citing Harris Decl.). The court addresses these arguments in turn.

#### A.  Can Harris Incur Liability for Actions Alleged

PacifiCorp avers Harris did not personally participate in the alleged tortious acts. PacifiCorp cites *United States Liability Insurance Co. v. Haidinger-Hayes, Inc.* for the proposition that under California law, individual employees "do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done." 1 Cal. 3d 586, 595 (1970). While it accurately represents the law in this respect, PacifiCorp's reliance on *Haidinger-Hayes* is misplaced. *Haidinger-Hayes* answers the question of when an employee may be held liable for the torts of the corporation/employer. *Id.* at 595; *Nasrawi*, 713 F. Supp. 2d at 1086 ("*Haidinger–Hayes* stands for the proposition that directors and/or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they

4

personally participate in the wrong."). However, plaintiffs do not allege Harris is responsible for PacifiCorp's actions merely because of his managerial position. *See generally* FAC; Mem. P. & A. at 11, ECF No. 8-1. Rather, the complaint alleges Harris "eliminate[d] safety-critical positions" and instituted "unreasonable and dangerous measures that created an unsafe environment that allowed the McKinney Fire to ignite and spread." FAC ¶ 24. Under settled California law "[a]n agent or employee is always liable for his own torts, whether his employer is liable or not." *Shafer v. Berger et al.*, 107 Cal. App. 4th 54, 68–69 (2003), *as modified on denial of reh'g* (Apr. 8, 2003) (citing *Holt v. Booth*, 1 Cal. App. 4th 1074, 1080 n.5 (1991)); *see also* Cal. Civ. Code § 2343. Reading the complaint in the light most favorable to plaintiffs, plaintiffs are alleging Harris, individually, acted tortiously.

### B. Did Harris Have Authority To Take Actions Alleged

PacifiCorp further argues Harris did not decide to eliminate safety-critical job positions and could not make such decisions because he lacked the authority to do so. In support, PacifiCorp cites Harris's declaration. Opp'n at 5; *see generally* Harris Decl. Harris denies plaintiffs' allegations and avers they "misapprehend [his] role in the company." Harris Decl. ¶ 5. Harris declares he did not eliminate any job positions and does not "have authority to eliminate employee positions" because those decisions are made at the corporate level in "PacifiCorp's Portland headquarters." *Id.* ¶¶ 6–9. While the court may consider extrinsic evidence here, *see Morris*, 236 F.3d at 1068, whether a defendant can "propound defenses to an otherwise valid cause of action" is distinct from whether a plaintiff "truly ha[s] a cause of action against the alleged sham defendants." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). As to the specific act of eliminating safety critical positions, plaintiffs have not shown they have a claim against Harris. They have not provided any evidence countering Harris's declaration that he did not have the authority to eliminate critical job positions and did not, in fact, eliminate any such positions. However, the relevant question is whether plaintiffs have any possible claims against Harris, even if not this one claim. Thus, the analysis does not end here.

PacifiCorp similarly argues Harris did not have the authority to institute measures "that would have reduced wildfire safety." Opp'n at 6 (citing Harris Decl. ¶ 7). In his declaration,

1  Harris states he does not "have discretion, ability, or authority to institute measures that would
2  create an unsafe environment with respect to wildfire risk—and [he] did not do so."  Harris Decl.
3  ¶ 7.  On this point, plaintiffs counter PacifiCorp by providing a transcript of a deposition taken of
4  Harris in a related case.  Mem. P. & A. at 10; *see* Declaration of Andrew D. Bluth Ex. A (Harris
5  Dep.), ECF No. 8-2.  In the deposition, Harris states he is an operation manager, and his duties
6  include assigning work, budgets, compliance, managing operations and supervising linemen.
7  Harris Dep. at 12:24–16:6.  He says one of his duties includes "making sure safety is at the
8  forefront of . . . the job."  *Id.* at 14:4–5.  In his own declaration, Harris represents his
9  "responsibilities include managing daily operations and scheduling [] work."  Harris Decl. ¶ 2.
10 Here, even if Harris may be able to raise a valid defense to plaintiffs' allegations, viewing the
11 facts in the light most favorable to plaintiffs, the court finds Harris may have had the authority
12 and discretion to institute measures contributing to reducing safety.  Thus, for purposes of the
13 pending motion, the court finds there is a possibility plaintiffs can establish a claim against
14 Harris.  *See Grancare, LLC*, 889 F.3d at 548.

    **C.     Plaintiffs' Motive is Immaterial**

16 PacifiCorp also suggests plaintiffs' motive for adding Harris is to avoid federal court, and
17 notes this is the only case in which Harris has been named as a defendant, despite the fact
18 plaintiffs' counsel has seven other similar cases pending against PacifiCorp.  Opp'n at 3–4, 10.
19 All the other cases rest on federal diversity jurisdiction.  *Id.* at 3–4.  Even if PacifiCorp is correct,
20 a question the court does not reach, "it is universally thought that the motive for joining such a
21 defendant is immaterial."  *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944).

    **D.     Plaintiffs May Be Able to Amend Their Complaint to Cure Any Purported
            Deficiencies**

24 PacifiCorp also suggests plaintiffs' complaint is insufficient to  state a valid claim against
25 Harris.  Opp'n at 11.  PacifiCorp notes only two paragraphs mention Harris, *id.* at 11, and
26 plaintiffs do not specify the "acts and/or omissions" in which Harris allegedly engaged, *id.* at 10.
27 The absence of specific allegations against Harris is not dispositive.  *Cf. McClain v. PQ Beverly*
28 *Hills, Inc.*, No. 16-16, 2017 WL 1250978, at *5 (C.D. Cal. Jan. 13, 2017) ("The fact that plaintiff

alleges his claims against 'defendants' collectively, rather than specifying the actions of each particular defendant, does not—as a matter of law—preclude plaintiff from prevailing against [defendant]."). For the purpose of fraudulent joinder, the question is not whether the complaint as pled is sufficient, but whether plaintiffs have any possibility of establishing a claim. *See, e.g., Corona v. Lowes Home Centers, LLC*, No. 16-8610, 2017 WL 1115151, at *2 (C.D. Cal. Mar. 24, 2017) ("[A]ny doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.").

Here, PacifiCorp has not shown plaintiffs would not be able to cure purported deficiencies in the complaint by obtaining leave to amend their complaint in state court. *See Kyle v. Envoy Mortg., LLC*, No. 18-2396, 2018 WL 6600105, at *2 (S.D. Cal. Dec. 17, 2018) ("A court should remand a case unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency" (citation and marks omitted).); *Grancare, LLC*, 889 F.3d at 550 ("[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."). For instance, plaintiffs may be able to allege more specific facts to show Harris personally engaged in tortious acts or omissions contributing to unsafe conditions that resulted in the McKinney Fire.

PacifiCorp has not met its heavy burden to show by clear and convincing evidence that plaintiffs have no possibility of establishing a claim against Harris in state court, and remand is appropriate.

## IV.   REQUEST FOR COSTS AND ATTORNEYS' FEES

In addition to moving for remand, plaintiffs also request the court "award costs and attorneys' fees." Mem. P. & A. at 13. "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC*, 889 F.3d 543 at 552 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). District courts have discretion to determine whether there is an unusual circumstance to warrant the award of costs and attorney fees. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit . . . ." *Lussier v. Dollar*

*Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  While the court finds for plaintiffs, it declines to find PacifiCorp had no objectively reasonable basis for seeking to remove this case.  Accordingly, the court **denies** the request for costs and attorneys' fees.

## V.   CONCLUSION

PacifiCorp has not met its heavy burden to show removal is proper.  For the reasons above, the court **grants plaintiffs' motion to remand**.  The court **denies plaintiffs' request for costs and attorneys' fees**.  The Clerk of the Court is directed to remand this case to the Superior Court for the State of California in and for the County of Sacramento, and to close this case.

This order resolves ECF No. 8.

IT IS SO ORDERED.

DATED:  December 1, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE